UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

DEC - 3 2008

CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

          Plaintiff,

v.

D-1 MOHAMAD MUSTAPHA ALI MASFAKA,
    a/k/a Mohammad Masfaka,
    a/k/a Mohamad Rateb,
    a/k/a Abu Ratib,
    a/k/a Abu Rateb,

          Defendant.

_____/

CRIMINAL NO.  08-20458

HON. PAUL D. BORMAN

VIOLATIONS:   18 U.S.C. § 1001(a)
                  18 U.S.C. § 1015(a)
                  18 U.S.C. § 1425(a)

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

1.    The Harakat al-Muqawamah al-Islamiyya is Arabic for "The Islamic Resistance Movement" and is known by the acronym HAMAS. HAMAS is a terrorist organization based in the West Bank and Gaza Strip.

2.    On January 25, 1995, HAMAS was designated as a Specially Designated Terrorist by the President in the Annex to Executive Order 12947. Under the Anti-

1

Terrorism and Effective Death Penalty Act, the Secretary of State is empowered to designate groups as a "foreign terrorist organization" (FTO). 8 U.S.C. § 1189(a)(1). Entities are designated as FTOs if the Secretary finds "(A) the organization is a foreign organization; (B) the organization engages in terrorist activity; and (C) the terrorist activity of the organization threatens the security of United States nationals or the national security of the United States." Id. Effective October 8, 1997, then Secretary of State Madeleine Albright designated as a foreign terrorist organization HAMAS, also known as "the Islamic Resistance Movement," also known as "Harakat al-Muqawama al-Islamiya," also known as "Students of Ayyash," also known as "Students of the Engineer," also known as "Yahya Ayyash Units," also known as "Izz Al-Din Al-Qassim Brigades," also known as "Izz Al-Din Al-Qassim Forces," also known as "Izz Al-Din Al-Qassim Battalions," also known as "Izz al-Din Al-Qassam Brigades," also known as "Izz al-Din Al-Qassam Forces," also known as "Izz al-Din Al-Qassam Battalions." Designation of Foreign Terrorist Organizations, 62 Fed. Reg. 52,650, 52,650-1 (1997).

3.     In or around 1988, the Holy Land Foundation for Relief and Development ("HLF") was created. The HLF represented itself to be a non-profit, tax exempt, charitable organization designed primarily to assist needy individuals in the West Bank and Gaza. From 1989 until 1992, the HLF was located in California and,

until 1991, was known as the Occupied Land Fund.  In 1992, the HLF relocated to Richardson, Texas and became incorporated in Texas.  In addition to its main office in Richardson, Texas, the HLF maintained offices in other cities in the United States, including Detroit, Michigan, as well as in Jerusalem, the West Bank and Gaza.

4.    On December 4, 2001, the HLF was designated as a Specially Designated Global Terrorist pursuant to Executive Order 13224 and as a Specially Designated Terrorist under Executive Order 12947 as a charity that provided millions of dollars of material and logistical support to HAMAS.  The HLF's designation was accompanied by an order blocking all of the organization's assets.

5.    On or about October 1, 1962, MOHAMAD MUSTAPHA ALI MASFAKA, defendant herein, was born in Syria.  Defendant became a legal permanent resident of the United States on or about October 16, 1997.

6.    From in or about 1997 to in or about 1998, defendant was employed by the HLF.  During this time period, defendant operated the HLF's activities in the Detroit area from his home, serving as the Detroit HLF representative.

7.    On or about November 26, 1997, the HLF drafted Bank One check number 001059 made payable to defendant in the amount of $1,200.  Defendant negotiated this check on or about December 12, 1997.

3

8. On or about January 19, 1998, the HLF drafted Bank One check number 001205 made payable to defendant in the amount of $300. The memo section of the check stated: "Bonus." Defendant negotiated this check on or about January 27, 1998.

9. On or about January 21, 1998, the HLF drafted Bank One check number 001244 made payable to defendant in the amount of $2,085. Defendant negotiated this check on or about January 27, 1998.

10. On or about February 23, 1998, the HLF drafted Bank One check number 001357 made payable to defendant in the amount of $350. The memo section of the check stated: "Rent for HLF Office." Defendant negotiated this check on or about March 25, 1998.

11. On or about June 9, 1999, the HLF drafted Bank One check number 002636 made payable to defendant in the amount of $1,254.68. The memo section of the check stated: "Replacement check." Defendant negotiated this check on or about June 22, 1999.

12. On or about September 27, 2002, defendant filed an application for naturalization (Form N-400) with the Immigration and Naturalization Service to afford him the status of a United States citizen. Defendant falsely stated under penalty of perjury on Part 6B of his application that his only employment in the United States for the time period covering 1997 through 1998 was working for CRECENT

4

ACADEMY INT' and DAR UL-ARQAM/AMS.  Defendant omitted and failed to affirmatively disclose that he was employed by the HLF in 1997 and 1998.

13.    On or about September 3, 2003, special agents of the Federal Bureau of Investigation ("FBI") interviewed defendant in Detroit, Michigan, regarding his employment with the HLF.  Defendant admitted to FBI agents that he worked for the HLF for eight months in 1997 and 1998.

14.    Defendant falsely told FBI agents on or about September 3, 2003, that his employment with the HLF was solely as a singer in a band that performed in fund-raising events for the HLF.

15.    Defendant falsely told FBI agents on or about September 3, 2003, that he never received payment directly from the HLF.

16.    On or about January 30, 2004, United States Citizenship and Immigration Services District Adjudication Officer Lisa Jones interviewed defendant regarding his naturalization application.  When Officer Jones questioned defendant about his employment history in the United States, defendant falsely stated under oath that his only employment in the United States during the time period from September 20, 1997 to September 20, 2002, was working for CRECENT ACADEMY INT', DAR UL-ARQAM/AMS and AL-HUDA INTERNATIONAL.  Defendant omitted and failed to affirmatively disclose to Officer Jones that he was employed by the HLF in

1997 and 1998.

17.   During the January 30, 2004 naturalization interview, when Officer Jones questioned defendant about the groups, organizations and foundations defendant was associated with in the United States, defendant falsely stated under oath that his association with the HLF was limited to playing in a band named Al-Noujm for the HLF.  Defendant omitted, affirmatively failed to disclose, and falsely denied that:

     i.    Defendant had been an official employee of the HLF;

     ii.   Defendant had operated the HLF's activities in the Detroit area out of his home;

     iii.  Defendant had served as the Detroit HLF representative; and

     iv.  Defendant had received money directly from the HLF.

18.   On or about January 30, 2004, while under oath, defendant signed his naturalization application under penalty of perjury swearing that the contents of his application were true and correct.  Defendant falsely stated on Part 6B of his application that his employment history in the United States for the years 1997 through 1998 included working only at CRECENT ACADEMY INT', DAR UL-ARQAM/AMS, and AL-HUDA INTERNATIONAL.

6

## COUNT ONE

(False Statements – 18 U.S.C. § 1001(a))

D-1 MOHAMAD MUSTAPHA ALI MASFAKA

Paragraphs 1 through 18 of the General Allegations are hereby incorporated by reference.

On or about September 3, 2003, in the Eastern District of Michigan, Southern Division, MOHAMAD MUSTAPHA ALI MASFAKA, also known as "Mohammad Masfaka," also known as "Mohamad Rateb," also known as "Abu Ratib," also known as "Abu Rateb," defendant herein, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, as specified in paragraphs 13, 14 and 15 of the General Allegations of this Indictment, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the United States, in violation of Title 18, United States Code, Section 1001(a).

## COUNT TWO

(False Oath in Matter Relating to Naturalization – 18 U.S.C. § 1015(a))

D-1 MOHAMAD MUSTAPHA ALI MASFAKA

Paragraphs 1 through 18 of the General Allegations are hereby incorporated by reference.

On or about January 30, 2004, in the Eastern District of Michigan, Southern

Division, MOHAMAD MUSTAPHA ALI MASFAKA, also known as "Mohammad Masfaka," also known as "Mohamad Rateb," also known as "Abu Ratib," also known as "Abu Rateb," defendant herein, knowingly made a false statement under oath in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, in that, while under oath in connection with an Application for Naturalization (Form N-400), defendant made the false statements alleged in paragraphs 16, 17 and 18 of the General Allegations of this Indictment to an immigration officer employed with the United States Citizenship and Immigration Services, in violation of Title 18, United States Code, Section 1015(a).

## COUNT THREE

(Attempted Unlawful Procurement of Naturalization – 18 U.S.C. § 1425(a))

D-1 MOHAMAD MUSTAPHA ALI MASFAKA

Paragraphs 1 through 18 of the General Allegations are hereby incorporated by reference.

Between on or about September 20, 2002 and on or about January 30, 2004, in the Eastern District of Michigan, Southern Division, MOHAMAD MUSTAPHA ALI MASFAKA,  also known as "Mohammad Masfaka," also known as "Mohamad Rateb," also known as "Abu Ratib," also known as "Abu Rateb," defendant herein, knowingly attempted to procure his naturalization as a United States citizen contrary

8

to law, that is, defendant knowingly made the false statements alleged in paragraphs 12, 16, 17 and 18 of the General Allegations of this Indictment, in violation of Title 18, United States Code, Sections 1001(a) and 1015(a), and 8 C.F.R. § 316.10.

All in violation of Title 18, United States Code, Section 1425(a).

THIS IS A TRUE BILL.

s/Grand Jury Foreperson

Dated: 12/3/08

TERRENCE BERG
Acting United States Attorney

JONATHAN TUKEL
Assistant United States Attorney
Chief, National Security Unit

MARK JEBSON
Special Assistant United States Attorney

KENNETH R. CHADWELL
Assistant United States Attorney

9

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br><br>08-20458 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information<br>This may be a companion case based upon [1]: | Companion Case Number:<br><br>Judge Assigned: |
|---|---|
| ☐ Yes    ☑ No | AUSA's Initials:  MJJ  *MJJ* |

**Case Title:** USA v.  MOHAMAD MASFAKA

**County where offense occurred :**  WAYNE

**Check One:**      ☑ Felony            ☐ Misdemeanor              ☐ Petty

  _X_ Indictment/____ Information --- **no prior complaint.**
  ____ Indictment/____ Information --- based upon prior complaint [Case number: ]
  ____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No:** 08-20458                    **Judge:**      **PAUL D. BORMAN**

☐  Original case was terminated; no additional charges or defendants.
☐  Corrects errors; no additional charges or defendants.
☐  Involves, for plea purposes, different charges or adds counts.
☑  Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** |
|---|---|
| MOHAMAD MASFAKA | 18 U.S.C. § 1015(a); 18 U.S.C. § 1425(a) (added counts II and III) |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 3, 2008

Date

MARK J. JEBSON
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 568-6033
Fax: (313) 226-4679

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04