UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

D-1   MOHAMAD MUSTAPHA ALI MASFAKA,
      a/k/a Mohammad Masfaka,
      a/k/a Mohamad Rateb,
      a/k/a Abu Ratib,
      a/k/a Abu Rateb,

        Defendant.
_____/

CRIMINAL NO. 08-20458

HON. PAUL D. BORMAN



## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant MOHAMAD MUSTAPHA ALI MASFAKA and the government agree as follows:

1. **GUILTY PLEA(S)**

   A. **Count(s) of Conviction**

Defendant will enter a plea of guilty to **Count Two** of the First Superseding Indictment which charges perjury during a naturalization proceeding, in violation of 18 U.S.C. § 1015(a), and for which the maximum penalty is 5 years imprisonment and a $250,000 fine. The government agrees to dismiss Counts One and Three at sentencing.

B.  **Elements of the Offense**

The Elements of Count Two are:

(1) Defendant knowingly made a false statement under oath;

(2) The false statement was made during a naturalization proceeding; and

(3) The false statement related to naturalization.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On September 27, 2002, defendant MOHAMAD MUSTAPHA ALI MASFAKA filed an application for naturalization (Form N-400) with the Immigration and Naturalization Service (INS) to afford him the status of a United States citizen. On January 30, 2004, an immigration officer interviewed defendant regarding his naturalization application at the INS office in Detroit, Michigan. During the interview, while under oath, defendant falsely stated to the immigration officer that his only employment in the United States during the time period from September 20, 1997 to September 20, 2002, was working for CRECENT ACADEMY INT', DAR UL-ARQAM/AMS and AL-HUDA INTERNATIONAL. Defendant knew this statement was false because he was employed by the Holy Land Foundation for Relief and Development (HLF) in 1997 and 1998 and ran the HLF's Detroit office during that time period.

2.  **SENTENCING GUIDELINES**

A.  **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.  **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 10 to 16 months, as set forth on the attached

worksheets. The United States and the defendant stipulate that U.S.S.G. § 2J1.3(a) is the applicable guideline section for defendant's offense conduct.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheet, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than 10 to 16 months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b) above. Apart from the actual calculation of the sentencing guideline range, this agreement does not limit defendant's ability to argue for a sentence below the

3

stipulated sentencing guideline range based on the sentencing factors of 18 U.S.C. § 3553.

3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

   A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government makes a non-binding recommendation that defendant's sentence be at the mid-level of the sentencing guideline range as determined by Paragraph 2B (13 months imprisonment).  The government is making this non-binding recommendation because defendant is agreeing to accept a judicial order of removal as part of this Plea Agreement.

   B.   **Supervised Release**

A term of supervised release may follow any term of imprisonment.  The Court may impose a term of supervised release on Count Two of up to 3 years.

   C.   **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

   D.   **Fine**

The Court may impose a fine on Count Two of the First Superseding Indictment in any amount up to $250,000.

### E. Restitution

Restitution is not applicable to this case.

### 4. OTHER CHARGES

The government agrees not to charge defendant with any other offenses of which it is currently aware.

### 5. STIPULATION TO JUDICIAL ORDER OF REMOVAL

Defendant admits that he is not a citizen of the United States and that he is a native and citizen of Syria. Defendant also admits that he is removable from the United States pursuant to Title 8, United States Code, Section 1182(a)(6)(C). Defendant waives any right that he may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the removal. Defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act on the question of his removability from the United States. Defendant further understands the rights he would possess in a contested administrative proceeding and waives these rights, including his right to examine the evidence against him, to present evidence on his behalf, and to cross-examine witnesses presented by the government.

Defendant further waives any rights that he may have to apply for relief or protection from removal and requests that an order be issued by this Court for his removal to his country of citizenship. Defendant agrees to accept a written order of

removal as a final disposition of these proceedings and waives any rights he may have to appeal the order issued. The United States Immigration and Customs Enforcement (ICE) concurs in the judicial removal of defendant, as evidenced by the attached concurrence by Special Agent in Charge Brian M. Moskowitz.

The government agrees that ICE shall not execute the judicial order of removal until 90 days after sentencing or after defendant has served his sentence of imprisonment, whichever occurs later. The government further agrees that ICE will not take defendant into administrative immigration custody during this 90 day period.

6. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendation in Paragraph 3A is not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow the government's recommendation.

7. **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his conviction or sentence. If the sentence imposed is above that range, defendant retains his right to directly appeal the Court's guideline determination. The government agrees not to appeal any sentence within the guideline range it has recommended in paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range.

8. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty

7

plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on October 15, 2010. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. McQUADE
*United States Attorney*

_____
JONATHAN TUKEL
*Assistant United States Attorney*
*Chief, National Security Unit*

_____            _____
MARK JEBSON                                                    KENNETH R. CHADWELL
*Special Assistant United States Attorney*         *Assistant United States Attorney*

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
DORAID ELDER
Attorney for Defendant

_____
CHARLES D. SWIFT
Attorney for Defendant

_____
MOHAMAD MUSTAPHA ALI MASFAKA
Defendant

Date:

# WORKSHEET A   (Offense Levels)

Defendant:   Mohamad Mustapha Ali Masfaka     Count(s):   2

Docket No.:   08-20458                          Statute(s) 18 U.S.C. § 1015(a)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2J1.3(a) | Perjury during naturalization proceedings | 14 |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.     **14**

   ********************

   *If this is the only Worksheet A, check this box and skip Worksheet B.*     [X]

   *If the defendant has no criminal history, check this box and skip Worksheet C.*     [X]

(rev. 06/99)

# WORKSHEET D  (Guideline Range)

**1. (COMBINED) ADJUSTED OFFENSE LEVEL**    `14`

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**    `-2`

**3. TOTAL OFFENSE LEVEL**    `12`

Enter the difference between Items 1 and 2.

**4. CRIMINAL HISTORY CATEGORY**    `I`

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5. CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6. GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**    `10 - 16 months`

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7. STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**    `months`

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

    [X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. Length of Term of Probation  (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [ ] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [X] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

4. **SUPERVISED RELEASE**  (U.S.S.G. ch 5., pt. D)

   a. <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

   ☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   ☒ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ months.

   c. <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION**  (U.S.S.G. § 5E1.1)

   ☐ 1. The court will determine whether restitution should be ordered and in what amount.

   ☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

   ☐ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

   ☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

   ☒ 5. Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6.    **FINE** (U.S.S.G. § 5E1.2)

    a. <u>Fines for Individual Defendants</u>

    The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b. <u>Fine Range from Fine Table</u>  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ <u>3,000</u> | $ <u>30,000</u> |

7.    **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

    The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

        $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
        $ 25.00 for every count charging a Class A misdemeanor,
        $ 10.00 for every count charging a Class B misdemeanor, and
        $ 5.00 for every count charging a Class C misdemeanor or an infraction.

    The defendant must pay a special assessment or special assessments in the total amount of  $ _____.

8.    **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

    List any additional applicable guideline, policy statement, or statute.

    _____

9.    **UPWARD OR DOWNWARD DEPARTURE**  (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range._____

    _____

    _____ (rev. 06/99)

*Homeland Security Investigations*
*Office of the Special Agent in Charge*

**U.S. Department of Homeland Security**
477 Michigan Avenue, Suite 1850
Detroit, Michigan 48226



Homeland
Security
Investigations

## Concurrence of the Department of Homeland Security

On behalf of the Assistant Secretary of Immigration and Customs Enforcement, I concur in the request by the U.S. Attorney that a judicial order of removal be entered against Mohamad Mustapha Ali Masfaka, Alien Number A075 254 529, pursuant to Title 8, United States Code, Section 1228(c)(5).

Date: 10/5/2010

Brian M. Moskowitz
Special Agent in Charge
Homeland Security Investigations
Immigration and Customs Enforcement